ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

DEC 24 2002

MICHAEL N. MILBY, CLERK OF COURT

| | | |
|---|---|---|
| **UNITED STATES of AMERICA** | § § § | |
| *versus* | § § | **CRIMINAL ACTION H-99-455** |
| | § § | **JUDGE LEE ROSENTHAL** |
| **JORGE LUIS GARZA** | § § | |

## DEFENDANT'S MOTION TO EXCLUDE GOVERNMENT'S WITNESS

*TO THE HONORABLE LEE ROSENTHAL:*

Defendant Jorge Luis Garza files this motion to exclude government's witness, Ryan O'Neil Johnson, and requests the court strike the reports and any testimony from Mr. Johnson because his qualifications and opinions fail to meet the requirements of *Daubert*, *Kumho Tire*, and their progeny.

1. Garza is facing trial on narcotics charges. The government has designated Drug Enforcement Agent Ryan Johnson as a witness with specialized knowledge who will offer an opinion about whether one or more voices on various audiotapes are Garza's voice.

2. Under the court's gatekeeper role, Johnson should be struck as a witness with specialized knowledge and his opinion testimony should be suppressed. Mr. Johnson does not have specialized qualifications or experience that enable him to offer a competent opinion on the identity of the voices on the audio tapes. (A copy of Johnson's curriculum vitae is attached and labeled exhibit A.) Johnson's testimony lacks any reasonable methodology and his methods have never been subjected to objective testing. His opinion is unreliable and of no assistance to this court or the jury. Accordingly, Johnson's opinion would be of no use in the trial of this matter.

0207

260

3. Garza submits that Johnson is not qualified to offer a competent opinion on the identity of any recorded speakers. Johnson has not utilized a reliable methodology, or indeed any methodology whatsoever, to objectively test, determine and ascertain the identity of the voices on the audio tapes.

4. Rule 104(a) of the Federal Rules of Evidence states in pertinent part that "preliminary questions concerning the qualification of a person to be a witness, . . .or the admissibility of evidence shall be determined by the court. . . " FRE 104(a). As the Sixth Circuit noted in a 1997 case on the interplay between FRE 104(a) and FRE 703, "the trial court is required under [FRE]104(a) to answer preliminary questions regarding the admissibility of expert testimony under [FRE] 702." *Smelzer v. Norfolk Southern Ry. Co.*, 105 F.3d 299, 303 (6th Cir. 1997).

5. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the United States Supreme Court provided guidance as to Rules 702 and 703 of the Federal Rules of Evidence. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579, 589-90, 113 S.Ct. 2786 (1993). The Supreme Court explained that experts must have valid qualifications and ground their opinion on a reasoning or a methodology that is scientifically valid. *Daubert*, 509 U.S. at 579. The expert's testimony must be both relevant and reliable. *Id.* With specific reference to Rule 104(a) of the Federal Rules of Evidence, the Supreme Court stated that the district court must conduct an inquiry and make a " preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert, id.*

6. Rule 702 of the Federal Rule of Evidence, as interpreted by the Supreme Court in *Daubert*, requires the Court to evaluate the methods, analyses and principles relied upon by the expert in reaching his or her opinion. *Daubert*, 509 U.S. at 592. Additionally, *Daubert* requires the Court

to assess the methodology utilized by the expert on the basis of feasibility, peer review and publication and the general acceptance of the methodology utilized by other professionals in the expert's particular field of expertise and profession. *Daubert*, 509 U.S. at 579.

7. Although *Daubert* dealt solely with scientific expert testimony, the U.S. Supreme Court has definitively held that all of the *Daubert* factors may apply to the testimony of engineers and other experts who are not scientists. *See generally Kumho Tire Co., Ltd., et al., v. Patrick Carmichael, et al.*, 119 S.Ct. 1167; 199 U.S. LEXIS 2189 (March 23, 1999). Even prior to *Kumho Tire*, the Fifth Circuit had expanded the requirements expressed in *Daubert* to include non-scientific expert testimony as well. *Marcel v. Placid Oil, Co.*, 11 F.3d 563 (5th Cir. 1994)(*extending the Daubert analysis to the statistical interpretation of work life averages in a personal injury case*); *see also Watkins v. Telsmith*, 121 F.3d 984 (5th Cir. 1997). In *Marcel*, the Fifth Circuit affirmed that expert testimony must be relevant and reliable with the methodology of the expert resting on a reliable foundation. In *Watkins*, the Fifth Circuit concluded that "the non-exclusive list of factors relevant under *Daubert* to assessing scientific methodology - testing, peer review, and 'general acceptance' - are also relevant to assessing other types of expert evidence." *Watkins*, 121 F.3d at 991. *Daubert* and now *Kumho* factors are applicable to expert testimony not only in scientific areas but also in non-scientific areas. Hence, the Court in utilizing the various factors articulated in *Daubert* and *Kumho* should suppress and exclude Johnson's testimony and report.

8. Johnson has no formal scientific training in audiology, speech pathology, linguistics or electronics from an accredited college or university. Although he has undergone training in a variety of areas relating to law enforcement, his training and experience with regard to voice identification

is, at best, minimal. The sum total of training relevant to his proposed testimony on voice identification is as follows:

> New York Institute of Forensic Audio-Training/Forensic Audio, Forensic Video, & Voice identification/5.15 CEUs awarded by Western Kentucky University/December 2001
>
> Voice Identification, Inc. - Training/Forensic Voice identification/May 2001
>
> New York Institute of Forensic Audio-Training/Forensic Audio, Forensic Video, & Voice identification/5.15 CEUs awarded by Western Kentucky University/November 2000

Johnson appears to have taken the same course twice from the New York Institute of Forensic Audio. Neither the New York Institute of Forensic Audio or Voice identification, Inc. are accredited by any college or university accreditation board. Johnson did not take any courses relevant to his proposed testimony in college. (A copy of Johnson's transcript is attached and labeled exhibit B.)

9. On his resume, Johnson states, "Since I am the first and only Forensic Specialist in the United States Department of Justice/DEA, I currently provide these services for our offices throughout the United States. My responsibilities include the following (1999-Present)..." Johnson then lists seven areas of responsibility, none of which is tape recorded voice comparison or identification. He has no experience in regularly analyzing tape recorded voices for comparison and identification purposes. The government admitted at the December 17, 2002 pretrial conference that Johnson has never qualified as an expert in voice comparison and identification before any court.

10. Moreover, if Johnson's resume statement is correct, it appears that the Department of Justice and or the DEA are unwilling to devote any personnel (other than Johnson) or resources towards training in tape recorded voice comparison or identification.

11. Johnson is simply not qualified - though training or experience - to provide expert testimony on tape recorded voice identifications.

12. Beyond Johnson's lack of qualifications, his testimony should also be excluded because of the tenuous state of voice spectrographic identification as a "science." Prior to July, 2000, the Fifth Circuit had not addressed the admissibility of voice spectrographic evidence. *See U.S. v. Drones*, 218 F.3d 496 (5th Cir. 2000). In *Drones*, the court reviewed the testimony of forensic specialist with more than twenty two years of experience with governmental agencies:

> While [the forensic specialist] testified that there were published recommended procedures for conducting voice identification examinations, he also acknowledged several weaknesses in spectrographic analysis. Specifically, he testified that there was no set of objective criteria against which to check the accuracy of a particular expert's analysis and that voice identification analysis was largely subjective in that the examiner ultimately decides whether two spectrographs match one another.

*Id.*, at 499.

13. A second witness with "exemplary" credentials, including service as a supervisory special agent in the FBI where he conducted audio and visual analysis, also testified in *Drones*. This second expert testified that "very little research has been done in the area of courtroom application of spectrographic voice identification, largely because since the 1970's, many researchers have felt that spectrographic comparison could not produce reliable results." *Id.* The government argued at the trial level in *Drones* that the reliability of expert voice identification testimony was questionable. *Id.* at 502. Although the *Drones* opinion did not reach the question of whether expert voice identification testimony is admissible under *Daubert*, the court noted that one of the testifying experts stated that there is no proven theoretical basis for the basic underlying premise that one person's voice is truly unique and therefore identifiable. The expert also stated that the lack of a theoretical underpinning had caused a precipitous drop in the number of expert practitioners over the past few
Page 5

02r3

decades. *Id.*, at 503. The Fifth Circuit described spectrographic analysis as "at best, a dwindling science." *Id.*, at 504. Ultimately, the *Drones* court ruled that a defense attorney did not provide ineffective assistance of counsel by failing to obtain a voice identification expert given the "uncertainty of the current state of law regarding the reliability and admissibility of expert voice identification and the vulnerability of such expert testimony at trial." *Id.*

## CONCLUSION

14. Johnson does not have the education or experience to provide expert voice identification testimony. Even if he did have the degree of knowledge required under *Daubert*, his opinion as to the identity of the voices on the various tapes is not grounded in any sound technique or methodology. His opinion could not, therefore, provide useful information to this court or the finder of fact. Johnson's reports and opinions are the sort of unreliable, faulty and untrustworthy opinions that *Daubert* and its progeny were designed to exclude. For these reasons, this court - in exercising its role as a gatekeeper and to eliminate the unfair prejudice and confusion inherent in the admission of the reports or any testimony of Johnson - must exclude his testimony.

For these reasons, defendant respectfully requests the court order:

1. That the testimony and any report of Johnson be declared inadmissible for any purpose in this litigation; and

2. That counsel and all other witnesses for the government refrain from any mention of or any reference to the thoughts, findings or opinions of Johnson during all presentation of evidence to the court; and

3. That the court conduct an evidentiary hearing to determine if Johnson is a qualified expert and if his voice identification techniques meets *Daubert's* requirements.

Respectfully submitted,

*Joe Salinas* (signature)

Joe Salinas
12 Greenway Plaza
Suite 1100
Houston, Texas 77046
(713) 227-7700
(713) 227-4510 (Fax)

David Adler
State Bar of Texas 00923150
Federal Identification 17942
6750 West Loop South
Suite 120
Bellaire (Houston), Texas 77401
(713) 666-7576
(713) 665-7070 (Fax)

Attorneys for Defendant,
Jorge Garza

### CERTIFICATE OF SERVICE

Joe Salinas certifies that a true and correct copy of this document has been served on the Assistant United States Attorney by faxing a copy of the motion to the Assistant U.S. Attorney at 713-718-3305 on the December 24, 2002.

*Joe Salinas* (signature)

Joe Salinas

### CERTIFICATE OF CONFERENCE

The foregoing Motion was discussed with the Assistant United States Attorney. The government's position is as follows:

Oppose
~~Do not oppose~~
**Could not be reached**

Dated: 12/24/02

*Joe Salinas* (signature)

Joe Salinas

Curriculum Vitae

# RYAN O'NEIL JOHNSON
Special Agent
United States Department of Justice
Drug Enforcement Administration
1433 West Loop South,
Houston, Texas 77027
Office (713) 693-3171/Fax (713) 693-3173

## EDUCATION
Dillard University
New Orleans, Louisiana
Bachelor of Arts Degree in Criminal Justice
with a minor in Sociology-May, 1990

## EXPERIENCE
United States Department of Justice
Drug Enforcement Administration
Job Title-Special Agent
August, 1991 – Present

Technical Operations/Forensic & Courtroom Specialist- (Note)-Since I am the first and only Forensic Specialist in the United States Department of Justice/DEA, I currently provide these services for our offices throughout the United States. My responsibilities include the following: (1999-Present)

- Forensic Audio Filtering & Tape Enhancement
- Forensic Audio & Video Authenticity
- Forensic Video Enhancement
- Forensic Photographic & Documentary Enhancement
- Specialize in presenting all types of evidence in court
- Specialize in Infrared Audio Listing Equipment for court
- Specialize in Computer Audio, Video, Photographic, Documentary Presentation

Assigned to a Technical Operation Group/Responsibilities from 1997 to 1999
- Setting up Title III Wiretap Intercepts
- Setting up Pen Register DNRs
- Setting up Electronic Surveillance Equipment
- Setting up Covert Audio/Video Monitoring Equipment

Assigned to an Enforcement Group/Responsibilities from 1991 to 1997
*Conduct complex criminal investigations          *Conduct surveillance
*Infiltrate drug & money laundering organizations  *Confiscate illegal drugs & money
*Arrest violators engaged in those activities      *Collect and prepare evidence
*Testify in criminal court cases                   *Prepare various types of affidavits
*Seize assets gained from illegal activity         *Work with local, state, and federal agencies

### Specialized Forensic Training
- Law Enforcement/Emergency Services Video Association-Training/Forensic Video Analysis & The Law June 2002
- Speech Technology Center-Sound Cleaner Certification-Universal Real-Time Noise Cancellation and Speech Enhancement/April 2002
- New York Institute of Forensic Audio-Training/Forensic Audio, Forensic Video, & Voice Identification/5.15 CEUs awarded by Western Kentucky University/December 2001
- Cognitech Incorporated Video Investigator User Certification-Training/Forensic Video Enhancement/September 2001

EXHIBIT A

0200

- Voice Identification, Inc. – Training /Forensic Voice Identification/May 2001
- Cognitech Incorporated Video Investigator 2000 User Certification – Training/Forensic Video Enhancement/April 2001
- New York Institute of Forensic Audio – Training/Forensic Audio Enhancement, Voice Identification, Audio Authenticity Techniques/5.3 CEUs awarded by Western Kentucky University University/November 2000
- New York Institute of Forensic Audio & Video – Training/Forensic Audio & Video Authenticity/5.3 CEUs awarded by Western Kentucky University/June 2000
- Digital Audio Corporation 2000 – Training Forensic Audio Filtering & Tape Enhancement/May 2000

### Specialized Training
- U.S. Department of Justice, DEA/1998 – Training/Electronic Surveillance & Communication Intercept
- National Intelligence Academy/1998-Training/Advance Video Surveillance
- National Technical Investigators' Association 1998/Training/Electronic and Technical Surveillance
- U.S. Department of Justice, DEA/1997-Training/Highway Interdiction
- U.S. Army/1997-Training/Combat Lifesaver Course
- U.S. Department of Justice, DEA/1997-Training/Employee Assistance Program-Trauma Team Member
- U.S. Department of Justice, DEA/1996-Training/Equal Employment Opportunity Counselor (Annual Re-certifications)
- U.S. Department of Justice, DEA/1992-Graduated form Basic Agent Training (FBI Academy, Quantico, Virginia)

### Professional Affiliations
- American College of Forensic Examiners
- National Technical Investigators Association
- International Narcotic Enforcement Officers Association

### Specialized Awards/Commendations
- Excellence Performance Award/2001-U.S. Department of Justice, DEA
- Exceptional Performance Award/2000-U.S. Department of Justice, DEA
- Administrator Award/1998-U.S. Department of Justice, DEA
- Commendation Award/1998-U.S. Attorney, Southern District of Texas
- Exceptional Performance Award/1997-U.S. Department of Justice, DEA
- Commendation Award/1997-International Narcotic Law Enforcement Officers Association
- Exceptional Performance Award/1995-U.S. Department of Justice-DEA
- Commendation Award/1995-International Narcotic Law Enforcement Officers Association

# OFFICIAL TRANSCRIPT

| RECORD OF | JOHNSON RYAN O. |
|---|---|
| ADDRESS | 3921 MISTLETOE ST. NEW ORLEANS LA 70118 |
| ENTERED | 08/21/86 |
| HIGH SCHOOL | W. EASTON |
| DATE OF BIRTH | 09/15/67 |
| NEXT OF KIN | JOHNSON, MR. EMRS. O. |
| MAJOR: | Criminal Justice |
| DEGREE CONFERRED: | Bachelor of Arts in Social Science |
| DATE: | May 14, 1990 |

| COURSE | | COURSE TITLE | HOURS ATTEMPTED | HOURS PASSED | GRADE | Q.P. |
|---|---|---|---|---|---|---|
| Discipline | Number | | | | | |
| | 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 | JOHNSON     RYAN O. | | FALL 1986 | | D.U. |
| ASM | 100 | ASSEMBLY | | 1.0 | P | .0 |
| BIO | 103 | BIOLOGICAL SCIENCES | | | W | .0 |
| DU | 901 | ORIENTATION | 1.0 | 1.0 | P | .0 |
| ENG | 111 | ENGLISH COMPOSITION | 3.0 | 3.0 | C | 6.0 |
| HIS | 101 | WORLD HISTORY | 3.0 | 3.0 | C | 6.0 |
| MAT | 109 | BASIC COL ALGEBRA | | | W | .0 |
| MA1 | 110 | FUNCTIONS & GRAPHS | 2.0 | 2.0 | B | 6.0 |
| MSC | 101 | FUND OF LEADERSHIP | 1.0 | 1.0 | B | 3.0 |
| PE | 108 | BASIC BOWLING | | | B | |
| | | SEM AV   2.333 | 9.0 | 11.0 | | 21.0 |
| CUM | | OVALL QPA  2.333 | 9.0 | 11.0 | | 21.0 |
| | 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 | JOHNSON     RYAN O. | | SPRING 1987 | | D.U. |
| ASM | 101 | ASSEMBLY | | 1.0 | P | .0 |
| BIO | 104 | BIOLOGICAL SCIENCE | 4.0 | 4.0 | B | 12.0 |
| DU | 902 | ORIENTATION | 1.0 | 1.0 | P | .0 |
| ENG | 111 | ENGLISH COMPOSITION | 3.0 | 3.0 | C | 6.0 |
| HIS | 102 | WORLD HISTORY | 3.0 | 3.0 | C | 6.0 |
| MAT | 110 | FUNCTIONS AND GRAPHS | 3.0 | 3.0 | C | 6.0 |
| | | SEM AV   2.307 | 13.0 | 15.0 | | 30.0 |
| CUM | | OVALL QPA  2.318 | 22.0 | 26.0 | | 51.0 |
| | 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 | JOHNSON     RYAN O. | | FALL 1987 | | D.U. |
| ASM | 200 | ASSEMBLY | | 1.0 | P | .0 |
| BIO | 103 | BIOLOGICAL SCIENCES | 4.0 | 4.0 | D | 4.0 |
| CJ | 308 | LAW & SOCIETY | 3.0 | 3.0 | C | 6.0 |
| MAT | 112 | FINITE MATHEMATICS | 3.0 | 3.0 | C | 6.0 |
| MSC | 201 | APPLIED LEADERSHIP | 2.0 | 2.0 | A | 8.0 |
| SOC | 201 | INTRO TO SOCIOLOGY | 3.0 | 3.0 | C | 6.0 |
| | | SEM AV   2.000 | 15.0 | 16.0 | | 30.0 |
| CUM | | OVALL QPA  2.189 | 37.0 | 42.0 | | 81.0 |
| | 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 | JOHNSON     RYAN O. | | SPRING 1988 | | D.U. |
| ASM | 201 | ASSEMBLY | | 1.0 | P | .0 |
| CJ | 405 | CRIMINOLOGY | 3.0 | 3.0 | C | 6.0 |
| ENG | 112 | ENGLISH COMPOSITION | 3.0 | 3.0 | W | .0 |
| MSC | 102 | FUND OF LEADERSHIP | | | W | .0 |
| MSC | 202 | APPLIED LEADERSHIP | | | W | .0 |
| POL | 202 | GOVERNMENT OF U.S. | 3.0 | 3.0 | W | .0 |
| POL | 202 | GOVERNMENT OF U.S. | 3.0 | 3.0 | C | 6.0 |
| SOC | 202 | INTRO TO SOCIOLOGY | 3.0 | 3.0 | D | 3.0 |
| | | SEM AV   1.500 | 12.0 | 13.0 | | 18.0 |
| CUM | | OVALL QPA  2.020 | 49.0 | 55.0 | | 99.0 |
| | 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 | JOHNSON     RYAN O. | | FALL 1988 | | D.U. |
| CJ | 306 | INTRO. CRIM. JUSTICE | 3.0 | 3.0 | B | 9.0 |
| HIS | 307 | AFRO-AMERICAN HIST. | 3.0 | 3.0 | B | 9.0 |
| POL | 201 | GOVERN OF THE U.S. | 3.0 | 3.0 | B | 9.0 |
| PSY | 101 | INTRO TO PSYCHOLOGY | 3.0 | 3.0 | C | 6.0 |
| | | SEM AV   2.750 | 12.0 | 12.0 | | 33.0 |
| CUM | | OVALL QPA  2.163 | 61.0 | 67.0 | | 132.0 |
| | 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 | JOHNSON     RYAN O. | | SPRING 1989 | | D.U. |
| CJ | 311 | SOCIOLOGY OF CORR. | 3.0 | 3.0 | B | 9.0 |
| CJ | 431 | INTERNSHIP | 6.0 | 6.0 | A | 24.0 |
| ENG | 201 | WORLD LITERATURE | 3.0 | 3.0 | B | 9.0 |
| HIS | 312 | CRITICAL WRITING | 3.0 | 3.0 | A | 12.0 |
| SOC | 352 | CON. SOCIAL ISSUES | 3.0 | 3.0 | A | 12.0 |
| SOC | 431 | INTERNSHIP | | | W | .0 |
| | | SEM AV   3.666 | 18.0 | 18.0 | | 66.0 |
| CUM | | OVALL QPA  2.506 | 79.0 | 85.0 | | 198.0 |
| | 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 | JOHNSON     RYAN O. | | FALL 1989 | | D.U. |
| BM | 305 | STATISTICS I | | | W | .0 |
| CJ | 314 | SOCIAL PROBLEMS | 3.0 | 3.0 | C | 6.0 |
| CJ | 431 | INTERNSHIP | 6.0 | 6.0 | A | 24.0 |
| ECO | 201 | MACROECONOMICS | 3.0 | 3.0 | B | 9.0 |
| ENG | 500 | JR. PROFICIENCY | 0.0 | 0.0 | | |
| GR | 101 | ELEMENTARY GERMAN | 4.0 | 4.0 | C | 8.0 |
| SOC | 308 | SOCIAL RESEARCH | 3.0 | 3.0 | C | 6.0 |
| SOC | 314 | SOCIAL PROBLEMS | | | W | .0 |
| SOC | 403 | SOCIAL THEORY | 3.0 | 3.0 | D | 3.0 |
| STA | 305 | STATISTICS I | 3.0 | 3.0 | B | 9.0 |
| | | SEM AV   2.600 | 25.0 | 25.0 | | 65.0 |
| CUM | | OVALL QPA  2.528 | 104.0 | 110.0 | | 263.0 |

DILLARD UNIVERSITY
NEW ORLEANS LA 70122

TOTAL HOURS  134
AVERAGE  2.585  HONORS
QUALITY POINTS  331

MARKING SYSTEM:
A - EXCELLENT — 4 QUALITY POINTS
B - GOOD — 3 QUALITY POINTS
C - AVERAGE — 2 QUALITY POINTS
D - PASSING — 1 QUALITY POINTS
F - FAILURE — 0 QUALITY POINTS
INC - INCOMPLETE
WD - WITHDREW
NC - NO CREDIT
H - HONORS
P - PASS
AU - AUDIT

EXHIBIT B

0198

NAME

| COURSE | | COURSE TITLE | HOURS ATTEMPTED | HOURS PASSED | GRADE | Q.P. |
|---|---|---|---|---|---|---|
| Discipline | Number | | | | | |
| 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 | | JOHNSON      RYAN O. | | SPRING | 1990 | D.U. |
| CJ | 310 | JUVENILE DELINQUENCY | 3.0 | 3.0 | B | 9.0 |
| ENG | 200 | REVIEW OF WRIT STAT | 3.0 | 3.0 | C | 6.0 |
| ENG | 241 | AFRO-AMERICAN SURVEY | 3.0 | 3.0 | C | 6.0 |
| FGR | 102 | ELEMENTARY GERMAN 2 | 4.0 | 4.0 | B | 12.0 |
| HIS | 437 | INTERNSHIP | 3.0 | 3.0 | A | 12.0 |
| PE | 106 | BEGINNING SWIMMING | | | W | .0 |
| PE | 324 | GOLF | 2.0 | 2.0 | A | 8.0 |
| SOC | 404 | SOCIAL THEORY | 3.0 | 3.0 | B | 9.0 |
| STA | 400 | STAT ANALYSIS | 3.0 | 3.0 | C | 6.0 |
| | | SEM AV  2.833 | 24.0 | 24.0 | | 68.0 |
| CUM | | OVALL QPA  2.585 | 128.0 | 134.0 | | 331.0 |

**OFFICIAL TRANSCRIPT**

*Connie R. Seymour*

**IN GOOD STANDING**
DEC 1 0 2002

SOCIAL SECURITY NO.

NAME

DILLARD UNIVERSITY
NEW ORLEANS, LA 70122

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES of AMERICA** | § § § | |
| *versus* | § § § § | **CRIMINAL ACTION H-99-455** <br> **JUDGE LEE ROSENTHAL** |
| **JORGE LUIS GARZA** | | |

### ORDER

The court orders defendant's motion to exclude the government's expert witness:

Granted,

The testimony and any report of Ryan O'Neill Johnson is inadmissible at defendant's trial.

Denied.

Signed the _____ day of _____, 2003.

_____
Lee Rosenthal
United States District Judge

0196